FILED
 2008 Dec-02  PM 04:51
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **JAMES EDWARD SPENCER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:07-cv-00791-PWG |
| | ) |
| **TROY KING, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 10, 2008, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on October 28, 2008.

In his objections, the plaintiff reiterates his claims that the Alabama Community Notification Act ("CNA") is unconstitutional as applied to him. First, he alleges that he has exhausted the state court remedies available for attacking his most recent conviction and this court may, therefore, address the constitutionality of his current confinement in this § 1983 action and grant him immediate release. (Doc. 33 at 1.) Attached to the plaintiff's objections is an order entered in his state court proceedings dismissing his Rule 32 petition as frivolous.

It is well settled that a state prisoner may challenge the "fact or duration" of his imprisonment only by way of a petition for writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650 (5th Cir. 1977). A prisoner cannot assert such a claim under § 1983, thereby averting the exhaustion requirements in habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). A petitioner must exhaust available state remedies such as a direct appeal or a petition pursuant to Rule 32, ALA. R. CRIM. P., before a habeas claim may be heard in federal court. Therefore, to the extent the plaintiff seeks immediate release from prison, such relief is not appropriate in an action pursuant to 42 U.S.C. § 1983. *See Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982).

Next, the plaintiff takes issue with the applicable statute of limitations for § 1983 actions. Specifically, he contends that a state statute "cannot define the scope of federal constitutional rights, because the U.S. Constitution is the supreme law of the land . . . ." (Doc. 33 at 1.) The United States Supreme Court has held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989). The residual statute of limitations for personal injury in Alabama is

two (2) years. Ala. Code § 6-2-38(1)(1975).[1] Therefore, the plaintiff's claims of alleged constitutional violations, to the extent they took place prior to 2005, are time-barred despite the plaintiff's assertions otherwise. Furthermore, to the extent the plaintiff raises claims in his objections that he should have been afforded a "risk assessment hearing" and/or a "civil commitment hearing" when he was released from prison in November 23, 1997, these claims, too, are barred. (Doc. 33 at 3-5.)

The plaintiff argues that he should be allowed to present claims on behalf of his common-law-wife, Linda Johnston. However, because the plaintiff is proceeding *pro se*, he cannot prosecute any claims in federal court on behalf of other persons, including his family members. *See Winkelman v. Parma City Sch. Dist.*, 127 S.Ct. 1994, 1999 (2007); *see also, Devine v. Indian River Co. Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997). Moreover, it is a "well-settled principle that a section 1983 claim must be based on the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The plaintiff again alleges that he has lost housing and employment due to enforcement of the CNA and claims the defendants have violated the "Equal Housing

---

[1] Ala. Code § 6-2-38(1)(1975) provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

Opportunity Act" and the "Equal Opportunity Employment Act."[2] (Doc. 33 at 2-3.) The plaintiff has only alleged one incident in 1997 when the plaintiff was forced to leave his sister's home because two minor children lived there. (Doc. 33 at 2.) As stated previously, such claim is barred by the statute of limitations. Aside from this one incident, the plaintiff does not set forth specific incidents, when they occurred, or how each defendant was responsible for him losing housing and employment. Failure to assert specific factual allegations directed toward specific defendants is grounds for dismissal of a § 1983 claim. *See Doe v. Cassell*, 403 F.3d 986, 989-90 (8th Cir. 2005). Moreover, the plaintiff has not stated a cognizable claim under the Fair Housing Act or any of the employment discrimination statutes. These laws prohibit discrimination on the basis of race, color, religion, sex, national origin or some other constitutionally protected interest. The plaintiff has not alleged that he was denied housing or employment based on a constitutionally protected interest.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the complaint

---

[2] It appears the plaintiff is referring to the "Fair Housing Act" and the various statutes prohibiting employment discrimination.

is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).  A Final Judgment will be entered.

    **DONE** this the 2nd day of December, 2008.

 

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge